IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RANDY DENNISON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA JUDICIAL STANDARDS COMMISSION, STATE OF MONTANA SUPREME COURT,<br><br>Defendants. | CV 16-00057-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Randy Dennison filed a document entitled "Notice of Appeal from a Decision of Government Commission or Branch." (Doc. 2.) Therein he sought to appeal a decision of the Montana Judicial Standards Commission dismissing his complaint against state District Court Judge Amy Eddy. (Doc. 2.)

On March 14, 2017, Mr. Dennison filed an Amended Complaint naming Judge Eddy, a number of members of the Judicial Standards Commission, Montana Supreme Court Justice Mike McGrath, and a John Doe. (Doc. 9.) Therein, Mr. Dennison alleged that he filed a complaint with the Commission of Judicial Standards and it was dismissed as no merit. He asked the Commission to review its decision and was denied. He appealed the decision to the Montana Supreme Court and it was denied. This Court does not have jurisdiction to the extent Mr.

1

Dennison is seeking to appeal a state court judgment. To the extent that there might be jurisdiction, the Amended Complaint should be dismissed based upon judicial immunity and the *Heck* bar.

## I. STATEMENT OF CASE

### A. Parties

Mr. Dennison is a state prisoner incarcerated at Montana State Prison in Deer Lodge, Montana. (Amd. Cmplt., Doc. 9 at 2.)

Mr. Dennison names the following Defendants: Eleventh Judicial District Court Judge Amy Eddy in Flathead County, Montana; Montana Supreme Court Justice Mike McGrath, and the following members of the Montana Judicial Standards Commission: Judge Blair Jonas, Victor Valgenti, Judge Mike Menahan, Brianna Dugan, John Murphy, Shelly Smith, and John Doe. (Amd. Cmplt., Doc. 9 at 1.)

### B. Allegations

Mr. Dennison filed a complaint with the Judicial Standards Commission ("JSC complaint") in January 2016 in which he alleged that at a November 19, 2015 revocation hearing Judge Eddy violated his right to be heard. He alleged that he asked to be allowed to explain the probation violation but Judge Eddy revoked him without allowing him an opportunity to be heard. He alleged he told Judge

Eddy that he had not been given full discovery but Judge Eddy revoked him anyway.

He explained in his JSC complaint that he filed a petition for writ of habeas corpus on November 22, 2015, but the Eleventh Judicial Court refused to adjudicate it and denied the petition on December 29, 2015. He argues that the order denying the petition did not address the main issue in his petition regarding whether he has been properly granted time served since 2005. (Doc. 9-1 at 10-11.)

Mr. Dennison alleged in his JSC complaint that at a December 3, 2015 disposition, he renewed his requests for discovery and to have motions heard but his requests were denied. In addition, Judge Eddy appointed counsel to assist him even though he wanted to represent himself. At the final disposition on December 10, 2015, Judge Eddy sentenced Mr. Dennison. (Doc. 9-1 at 6-10.)

He also alleges that at the hearings on November 19, 2015, December 3, 2015, and December 10, 2015, Judge Eddy allowed two other County Attorneys to appear "inside the litigation area of the court" and they had "no interest in these proceedings. (Doc. 9-1 at 10.)

In his Amended Complaint, Mr. Dennison alleges Judge Eddy violated his constitutional rights at these revocation proceedings. (Doc. 9 at 3.) He alleges that Judicial Standards Commission violated his right to due process by dismissing his

3

complaint as "no merit." (Doc. 9 at 4.) He alleges Blair Jones violated his rights by adopting a rule that provided that members of the commission were immune from suit. (Doc. 9 at 8.) In his fourth cause of action, Mr. Dennison alleges that Mike McGrath is illegally blocking him from filing an appeal to the Montana Supreme Court of the Judicial Standards Commissions' decision to dismiss his complaint. (Doc. 9 at 8.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

As Mr. Dennison is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. §§ 1915, 1915A. This statute requires the Court to review a complaint filed in forma paueris and dismiss it or portions thereof before it is served upon the defendants if it finds that the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a

4

formulaic recitation of the elements of a cause of action." *Id.* It must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

#### 1. Appeal of Judicial Standards Commission decision and decisions of the Montana Supreme Court

To the extent Mr. Dennison seeks to appeal decisions of the Judicial Standards Commission and the Montana Supreme Court, he cannot do so in this Court. Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). As courts of original jurisdiction, federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings. *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983) (holding that the district court lacked

5

jurisdiction over challenge to District of Columbia court's denial of petitions for waiver from bar admission requirements); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Only the U.S. Supreme Court has jurisdiction to engage in such review. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 482.

The *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. Mr. Dennison is specifically seeking to appeal an order issued by the Judicial Standards Commission and the Montana Supreme Court. Mr. Dennison filed a complaint with the Judicial Standards Commission which was denied. The Montana Supreme Court refused to review that decision as it was non-appeallable. Mr. Dennsion then filed a notice of appeal in this Court seeking review and rejection of decisions issued prior to commencement of this action. Mr. Dennison's claims are barred by the *Rooker-Feldman* doctrine. This Court does not have jurisdiction over an appeal of any state court judgment.

### 2. Challenges to Revocation Proceedings

To the extent that Mr. Dennison is seeking to bring a cause of action under 42 U.S.C. § 1983 against Judge Eddy for her rulings in his revocation proceedings,

he cannot do so for several reasons.

First, Judge Eddy is entitled to judicial immunity.  Judges are absolutely immune from liability for damages based on acts performed in their official capacities.  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."  *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967).  This immunity shields judges from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Butz v. Economou*, 438 U.S. 478 (1978).

Judicial immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief."  *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (discussing federal judges' immunities).  In addition, in 1996 Congress amended 42 U.S.C. § 1983 to prohibit the grant of injunctive relief against any judicial officer, state or federal, acting in his or her official capacity "unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Judges are not immune, however, if they act in the clear absence of all jurisdiction or perform acts that are not judicial in nature.  *Ashelman*, 793 F.2d at

1075. Acts are judicial where the acts are normally performed by a judge, and where the parties deal with the judge in his or her judicial capacity. *Id.*; *Sparkman*, 435 U.S. at 361; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). A judge will not be deprived of immunity because the action he or she took was in error, was done maliciously, or was in excess of his or her authority; rather, he or she will be subject to liability only when he or she has acted in the clear absence of all jurisdiction. *Sparkman*, 435 U.S. at 356-57.

Mr. Dennison's claims against Judge Eddy all pertain to her role as a judge in a criminal proceeding. They are all judicial acts. She is entitled to judicial immunity.

Secondly, to the extent that Mr. Dennison seeks to challenge his revocation, his claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

[W]hen a state prisoner seeks damages in a section 1983 suit, the

8

> district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

A determination in this Court regarding whether any of Mr. Dennison's rights were violated during his criminal proceedings would necessarily imply the invalidity of that conviction/revocation. As Mr. Dennison's conviction has not been reversed, declared invalid, expunged, or called into question, his claims are barred by *Heck*.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED WITH PREJUDICE. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No

reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Dennison may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 19th day of May 2017.

        /s/ John Johnston
        John Johnston
        United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.