IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| RANDY DENNISON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA JUDICIAL STANDARDS COMMISSION, STATE OF MONTANA SUPREME COURT,<br><br>Defendants. | CV 16–57–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered his Findings and Recommendations on May 19, 2017, recommending dismissal of Plaintiff Randy Dennison's ("Dennison") Amended Complaint. Dennison timely filed objections and is therefore entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Because

-1-

the parties are familiar with the factual background of this case, it will not be repeated here.

In his objections, Dennison argues that Judge Johnston erred by finding that: (1) Judge Eddy is immune from suit; (2) his claims against the members and workers of the Montana Judicial Standards Commission should be dismissed; and (3) his third and fourth causes of action should be dismissed. It should be first noted that Dennison's objections request that "this Court dismiss all claims for money against any Defendant named in this Proceeding thereby eliminating any ground stated by [Judge] Johnston for Dismissal that is based on or related to liability damages." (Doc. 11 at 1.) Instead, Dennison requests "Declaratory relief" against Judge Eddy and all other Defendants. (*Id.*)

Turning to Dennison's first objection, despite his request to dismiss all claims for monetary damages, Judge Eddy is nevertheless also immune from claims requesting declaratory relief. As discussed by Judge Johnston, judicial immunity extends to claims seeking declaratory and other equitable relief, as well as claims for monetary relief. *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (superseded by statute on other grounds). Consequently, Dennison's first objection is overruled.

Next, Dennison argues that Judge Johnston misconstrued his second cause of

action as an appeal and not, as he states, as a claim brought pursuant to 42 U.S.C. § 1983 which alleges that the Montana Judicial Standards Commission violated his Fourteenth Amendment Due Process rights. However, upon review of Dennison's Amended Complaint, his second cause of action requests that this Court "Reverse and Remand" the Montana Judicial Standards Commission's decision to dismiss his complaint against Judge Eddy. (Doc. 9 at 9.) Although Dennison argues that his second cause of action should not be construed as an appeal, the Court cannot ignore his requested relief under this claim. As such, the Court agrees with Judge Johnston and finds that it lacks the power review the decisions of the Montana Judicial Standards Commission. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995) (federal district courts lack subject matter jurisdiction to review the final determinations of state proceedings) (overruled on other grounds). Dennison's second objection is thus overruled.

Finally, Dennison argues that Judge Johnston erred by dismissing his third and fourth causes of action brought against Judge Blair Jones, a member of the Montana Judicial Standards Commission, and Justice Mike McGrath of the Montana Supreme Court, respectively. Dennison contends that Judge Johnston failed to address these claims. However, upon close inspection of the Findings and Recommendations, it appears Judge Johnston viewed these claims as an attempt by

Dennison to appeal the decision of the Montana Judicial Standards Commission dismissing his complaint against Judge Eddy. As discussed above, the Court agrees with Judge Johnston that this Court lacks jurisdiction to review this decision. Nevertheless, to the extent that Dennison argues that Judge Blair and Justice McGrath violated his constitutional rights by either adopting a rule which bestows immunity upon members of the Montana Judicial Standards Commission or enforcing such a rule, the Court finds that these claims are barred by the Eleventh Amendment. *See Snoeck v. Brussa*, 153 F.3d 984 (9th Cir. 1998) (claims brought pursuant to § 1983 against members and executive director of state judicial discipline commission were barred by the Eleventh Amendment); *see also Dobronski v. Arizona*, 128 Fed. Appx. 608, 609 (9th Cir. 2005) (same) (unpublished).[1] As such, Dennison's third objection is overruled.

Accordingly, there being no clear error in the remaining Findings and Recommendations, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 10) are ADOPTED IN FULL.

(2) This matter is DISMISSED WITH PREJUDICE. The Clerk of

---

[1] The Court also notes that Justice McGrath is also immune from suit under the doctrine of judicial immunity. *Moore*, 96 F.3d at 1243.

Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(3) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

DATED this 30th day of August, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court